# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEAN ZIMMERMAN,

    Plaintiff,

CIVIL ACTION NO. 3:11-CV-1341

(JUDGE CAPUTO)

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

## MEMORANDUM

Defendant State Farm Mutual Automobile Insurance Company moves to dismiss plaintiff Jean Zimmerman's bad faith refusal to provide insurance coverage claim. The claim stems from a May 2010 car accident. State Farm argues Zimmerman's complaint fails to state a claim for bad faith under 42 Pa. C.S. § 8371. The Court disagrees and will deny the motion.

## BACKGROUND

Zimmerman's complaint alleges as follows.

In May 2010, Zimmerman was in an accident while driving on Route 309 in Hazleton, Pennsylvania. Allen Herman, the driver of the other car, made an illegal left turn in front of Zimmerman, causing the crash. As a result of the accident, Zimmerman suffered "very serious personal injuries," including a fractured fibula. At the time of the accident, Zimmerman held multiple State Farm auto insurance policies. These policies contained underinsured motorist coverage. This coverage requires the insurer to pay all sums the insured is entitled to recover as compensatory damages from the owner of an underinsured vehicle. Allen Herman's insurance carrier, Allstate, tendered to Zimmerman the limit of his policy, $100,000.00. State Farm then opened an underinsured motorist claim. Zimmerman

provided State Farm with the medical records and information needed to evaluate the claim. In June 2011, State Farm made an initial offer on the claim which was "clearly inadequate." Zimmerman then filed suit against State Farm, claiming breach of contract (count II) and bad faith (count I) in the Court of Common Pleas of Schuylkill County. After removing the case to federal court, State Farm filed a partial motion to dismiss Zimmerman's bad faith claim. The motion has been fully briefed and is ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir.

2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

The motion to dismiss the bad faith claim will be denied because Zimmerman has stated a claim under 42 Pa. C.S. § 8371.

42 Pa. C.S. § 8371, Pennsylvania's bad faith statute, states:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

To state a claim for bad faith denial of insurance coverage under Pennsylvania law, a plaintiff must prove by clear and convincing evidence that his insurer (1) lacked a reasonable basis for denying coverage, and (2) knew or recklessly disregarded its lack of a reasonable basis. *See Adamski v. Allstate Ins. Co.*, 738 A.2d 1033, 1036 (1999) appeal denied, *Goodman v. Durham*, 563 Pa. 663, 759 A.2d 387 (2000). Bad faith is "any frivolous or unfounded refusal to pay proceeds of a policy." *Id.* at 1188. (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680, 688 (1994)). As the Third Circuit stated twice in *J.C. Penney Life Ins. Co. v. Pilosi*, "[a] reasonable basis is all that is required to defeat a claim of bad faith." 393 F.3d 356, 367 (3d Cir.2004).

Here, Zimmerman has demonstrated she is entitled to discovery on the bad faith claim. She alleges that, a year after the accident, State Farm made an inadequate offer that did not adequately consider the severity of her injuries. Zimmerman further alleges that State Farm failed to properly investigate her claim, failed to reasonably underwrite the underinsured policy limit, and failed to negotiate in good faith with her. Although her allegations are largely conclusory, bad faith is a fact-intensive inquiry, requiring development of the record. The Court therefore finds dismissal at this stage would be inappropriate. State Farm is welcome to revisit this issue on summary judgment.

## CONCLUSION

State Farm's motion to dismiss Zimmerman's bad faith claim is denied. An appropriate order follows.

 10/12/11                                                           /s/ A. Richard Caputo  
Date                                                               A. Richard Caputo  
                                                                        United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JEAN ZIMMERMAN,

    Plaintiff,

CIVIL ACTION NO. 3:11-CV-1341

(JUDGE CAPUTO)

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

**ORDER**

    **NOW**, this  12th  day of October, 2011, **IT IS HEREBY ORDERED** that State Farm's motion to dismiss plaintiff Zimmerman's bad faith claim (Doc. 3) is **DENIED**.

                                              /s/ A. Richard Caputo
                                              A. Richard Caputo
                                              United States District Judge